IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 02-cv-01116-LTB-CBS

STEPHEN C. ROTH; and
JEAN E. GUMESON,

        Plaintiffs,

v.

MICHAEL F. GREEN, as an individual and in his official capacity,
DENNIS SPRUELL, as an individual and in his official capacity,
MATT BUFFINGTON, as an individual and in his official capacity,
BROOKS BENNETT, as an individual and in his official capacity,
HIGH RICHARDS, as an individual and in his official capacity,
DANNY DUFUR, as an individual and in his official capacity,
JEFF COLEMAN, as an individual and in his official capacity,
TIM ROWELL, as an individual and in his official capacity,
TOM HALPER, as an individual and in his official capacity,
MIKE MEUER, a/k/a MIKE MEUEER, as an individual and in his official capacity,
KEN BRACKETT, as an individual and in his official capacity,
SAM HAGER, as an individual and in his official capacity,
ROY C. LANE, as an individual and in his official capacity,
JERRY MARTIN, as an individual and in his official capacity,
JOEY M. CHAVEZ, as an individual and in his official capacity,
AL BELL, as an individual and in his official capacity,
SYDNEY "DUKE" SCHIRARD, as an individual and in his official capacity,
DALE WOOD, as an individual and in his official capacity,
CITY OF CORTEZ, a public corporation,
CITY OF DURANGO, a public corporation,
DOLORES COUNTY BOARD OF COUNTY COMMISSIONERS, a public corporation,
LA PLATA COUNTY BOARD OF COUNTY COMMISSIONERS, a public corporation,
MONTEZUMA COUNTY BOARD OF COUNTY COMMISSIONERS, a public corporation,
JOHN DOES 1-50,

        Defendants.

## ORDER REGARDING MOTION FOR PROTECTIVE ORDER

Magistrate Judge Craig B. Shaffer

PENDING before this court is a Motion for Protective Orders as to the Discovery of General Asset Information (doc. # 254) filed on October 6, 2007 by Robert J. Mulhern, counsel for Plaintiffs Steven Roth and Jean E. Gumeson. Mr. Mulhern's motion seeks a protective order that would preclude discovery of information and documents concerning his general asserts and financial condition. Counsel contends that such discovery is not permitted under the Federal Rules of Civil Procedure and would unduly infringe upon his privacy interests. Defendants City of Durango, Al Bell and Jeff Copeland (hereinafter, the "Durango Defendants") filed a Response (doc. # 255) on October 11, 2007. The pending motion was referred to this Magistrate Judge pursuant to a Memorandum (doc. # 258) dated October 16, 2008. The court has carefully reviewed Mr. Mulhern's Motion, the Durango Defendants' Response, the entire case file and the applicable case law. I have also considered the comments of counsel during the hearing on October 16, 2007.

**FACTUAL BACKGROUND**

Familiarity with the history of this litigation is assumed. However, the following facts are pertinent to the motion pending before this court. In a published decision dated October 30, 2006, the Tenth Circuit held that the district court did not abuse its discretion in concluding that Mr. Mulhern violated the provisions of 28 U.S.C. § 1927 by filing and pursuing § 1983 claims on behalf of Plaintiffs Roth and Gumeson. *See Roth v. Green*, 466 F.3d 1179, 1184 (10th Cir. 2006). The binding effect of that decision is not at issue. *See, e.g., Bishop v. City of Henderson*, 81 Fed. Appx. 232 (9th Cir. 2003) (holding that plaintiff's challenge to the propriety of sanctions was foreclosed by the law of the case based upon the appellate court's prior finding that an award of sanctions was proper), *cert. denied.*, 543 U.S. 867 (2004); *In re Blagg*, 271 B.R. 213

(B.A.P. 10th Cir. 2001) (where an earlier appellate decision constituted the law of the case with respect to the imposition of sanctions, further inquiries were limited to the reasonableness of the amount of sanctions awarded), *aff'd*, 43 Fed.Appx. 266 (10th Cir. 2002). The Tenth Circuit remanded this case back to the district court to determine, in part, "the proper amount of fees and costs to be assessed under § 1927 (i.e., 'the excess costs . . . and attorneys' fees reasonably incurred because of' his unreasonable and vexatious conduct)." *Roth v. Green*, 466 F.3d at 1193.

On March 2, 2007, the Durango Defendants filed a Supplemental Brief in Support of Motion for Sanctions Against Robert J. Mulhern Pursuant to 28 U.S.C. § 1927 (doc. # 233). In their Supplemental Brief and attachments, the Durango Defendants requested a monetary sanction under § 1927 predicated upon alternative dates for determining the excess costs and fees reasonably incurred because of Mr. Mulhern's unreasonable and vexatious multiplication of proceedings.

On March 4, 2007, Mr. Mulhern, on behalf of his clients and himself, filed a Supplemental Response as to Sanctions Against Counsel and the Prevailing Party Award Against His Clients (doc. # 234).[1] In addressing the award of sanctions under § 1927, Mr. Mulhern argued that an award of all excess fees and costs would be unreasonable and punitive given his inability to pay such an amount. In support of this position, Mr. Mulhern provided his own affidavit in which he detailed his personal financial circumstances.

On March 5, 2007, the "Buffington Defendants" filed their Supplemental Brief in

---

[1]On October 15, 2007, Mr. Mulhern filed an Updated Affidavit Along With Exhibits in Support of the Supplemental Response as to Sanctions Against Counsel and the Prevailing Party Award Against His Clients (doc. # 257).

Support of Motion for Sanctions Against Robert J. Mulhern Pursuant to 8 U.S.C. § 1927 (doc. # 241). This Supplemental Brief set forth the fees and costs that the Buffington Defendants contend are recoverable as monetary sanctions under § 1927. On March 10, 2007, Plaintiffs and their counsel filed a Second Supplemental Response Against Counsel and the Prevailing Party Award Against His Clients (doc. # 243). On March 14, 2007, the Cortez Defendants filed a Reply In Support of Sanctions Against Robert J. Mulhern Pursuant to 28 U.S.C. § 1927 (doc. # 245)

By Order of Reference (doc. # 247), dated March 20, 2007, this matter was referred to the Magistrate Judge for a hearing on the pending motions for sanctions against Mr. Mulhern, pursuant to 28 U.S.C. § 1927, and for sanctions against his clients pursuant to the Mandate and Order of Remand by the Tenth Circuit. I was directed to issue findings of fact and conclusions of law, as well as a report and recommendation to the district court.

On September 6, 2007, the Durango Defendants served interrogatories on Mr. Mulhern seeking information about Mr. Mulhern's personal assets. On October 4, 2007, the Durango Defendants sent a subpoena duces tecum to Mr. Mulhern to obtain certain financial records. In response to the Durango Defendants' discovery efforts, Mr. Mulhern filed the pending Motion for Protective Order as to Discovery of General Asset Information.

**ANALYSIS**

Mr. Mulhern's Motion for Protective Order raises the limited issue of whether, or to what extent, discovery is permitted in the context of a motion for sanctions under 28 U.S.C. § 1927. To put that issue into context, however, a brief discussion of § 1927 and the objectives underlying that statute is necessary. Section 1927 provides, in pertinent part, that any attorney

4

"who so multiples the proceedings in any case unreasonably and vexatiously may be required to satisfy personally the excess costs, expenses, and attorneys' fees reasonably incurred because of such conduct." 28 U.S.C. § 1927. Section 1927 "is indifferent to the equities of a dispute and to the values advanced by the substantive law. It is only concerned with limiting the abuse of court processes." *Roadway Express, Inc. v. Piper*, 447 U.S. 752, 762 (1980). In considering the propriety of a § 1927 sanction, the court "must focus 'on the conduct of the litigation and not on its merits.'" *Salvin v. American National Insurance Co.*, 2008 WL 2369095, *2 (4th Cir. 2008). As the Tenth Circuit recently noted, "the text of § 1927, unlike that of Rule 11, indicates a purpose to compensate victims of abusive litigation practices, not to deter and punish offenders." *Hamilton v. Boise Cascade Express*, 519 F.3d 1197, 1205 (10th Cir. 2008).

> The statute fits more comfortably with a victim-centered approach, and we would be reluctant to supply a parsimony provision where Congress has not done so.

*Id*, citing *Fox Valley Construction Workers Fringe Benefit Funds v. Pride of The Fox Masonry and Expert Restorations,* 140 F.3d 661, 667 (7th Cir. 1998) ("[W]here the [§ 1927] sanctions were tailored as well as possible to compensate the other party for time lost to [attorney's] antics, we will not require the court to consider [his] ability to pay."). *Compare Laye v. American Drug Stores, Inc.*, 29 Fed. Appx. 391, 394 (7th Cir. 2002) (suggesting that a court is not required to consider the ability of a party to pay a sanction before one can be imposed under Fed.R.Civ.P. 37).[2] In exercising its discretion under § 1927, the court should focus on ascertaining the fees

---

[2]The cost-recovery objective underlying § 1927 is also incorporated in Rule 37(a)(5)(A) which provides, with certain exceptions, that the court must require the non-prevailing party or attorney to pay the reasonable expenses, including attorney's fees, incurred by the party that successfully moves to compel discovery. Similarly, Rule 37(c)(1)(A) authorizes the court to order "payment of the reasonable expenses, including attorney's fees, caused by" the non-moving party's failure to disclose under Fed.R.Civ.P. 26(a) or (e).

5

"reasonably incurred" by the opposing party as a result of counsel's improper conduct. *Gruppo v. FedEx Freight Systems, inc.*, 2008 WL 3211287, *9 (D. Colo. 2008).

The instant discovery dispute stems from the parties' perception that Mr. Mulhern's financial condition is relevant to the court's analysis under § 1927. For example, Mr. Mulhern's Supplemental Response as to Sanctions argues at length that

> A failure of a district court to consider ability to pay is an abuse of discretion. Thus, in light of the fact that, as in the present case, a large award of fees and costs will produce devastating professional consequences, a reviewing court has a duty to ensure that a district court imposes the least severe sanction which will deter. Sanctions cannot be just a docket control device. Therefore, whether prevailing party awards and/or sanctions are at issue, a district court is limited by reasonableness, that is, certain equitable facts in setting the amount of the prevailing party award and/or sanctions. Some of these mitigating factors are (1) counsel's and his clients' history, (2) ability to pay; (3) . . . only those attorneys' fees and costs for extending the proceedings (excessive); (4) only the minimum amount that would defer counsel and his clients and (5) the Doctrine of Mitigation.

*See* Plaintiffs' Supplemental Response as to Sanctions, at 17 (internal citations omitted). In support of this argument, Mr. Mulhern cites prominently the decisions in *Jackson v. Law Firm of O'Hara*, 875 F.2d 1224 (6th Cir. 1989) (appeal from an order imposing Fed.R.Civ.P. 11 sanctions against plaintiff's counsel); *Akin v. Q-L Investments, Inc.*, 959 F.2d 521 (5th Cir. 1992) (holding that the district court failed to introduce sufficient specific factual findings to support Fed.R.Civ.P. 11 sanctions); and *White v. General Motors Corp.,* 908 F.2d 675 (10th Cir. 1990) (involving a challenge to sanctions imposed under Fed.R.Civ.P. 11). None of these cases involved sanctions imposed under § 1927. Similarly, the Durango Defendants' Response to Mr. Mulhern's Motion for Protective Order states that "[t]here is case law which supports the assertion that counsel's inability to pay is to be considered in awarding fees under 28 U.S.C. § 1927," citing *Wigod v. Chicago Mercantile Exchanges*, 981 F.2d 1510, 1523 (7th Cir. 1992). Yet

a careful reading of the *Wigod* decision reveals that plaintiff's counsel was sanctioned "only for his insufficient pre-filing inquiry" which would constitute a violation of Rule 11(b). The *Wigod* decision cannot be read to impose an "ability to pay" requirement in the context of § 1927 sanctions. *Compare Fox Valley Construction Workers Fringe Benefit Funds v. Pride of The Fox Masonry & Expert Restorations,* 140 F.3d 661, 667 (7th Cir. 1998).

Since Mr. Mulhern filed his Supplemental Response and the Durango Defendants tendered their Response to Mr. Mulhern's Motion for Protective Orders, the Tenth Circuit has rejected a similar attempt to incorporate Rule 11 precedents in the context of § 1927. *Hamilton v. Boise Cascade Express*, 519 F.3d at 1205. Indeed, the Tenth Circuit in *Hamilton* specifically rejected the contention

> that the court's [§ 1927] sanction award improperly failed to comply with our directive in *White* [*v. General Motors Corp.,* 908 F.2d 675 (10th Cir. 1990] that a district court consider such factors as the minimum amount that will serve as a deterrent and the attorney's ability to pay. *White* dealt with sanctions under Rule 11, which is not a compensatory mechanism.

*Id.* at 1206. The *Hamilton* decision effectively moots the parties' discovery dispute.

Assuming, *arguendo*, that the discovery methods established by the Federal Rules of Civil Procedure may be employed to obtain information regarding an attorney's financial condition in the context of an award of sanctions, the scope of permissible discovery is still governed by Fed.R.Civ.P. 26(b)(1).[3] In the usual case, Rule 26(b) permits discovery "regarding

---

[3]Mr. Mulhern's Motion for Protective Order also invokes Fed.R.Civ.P. 69 in arguing that discovery of general asset information is not permitted in advance of a final judgment. My research, however, has revealed cases in which an attorney or party was required to provide financial information in the context of a motion for sanctions. *See, e.g., Starks v. McCalla, Raymer, Padrick, Cobb, Nichols & Clark, LLC*, 133 Fed.Appx. 607 (11th Cir. 2005) (in affirming an award of sanctions against counsel, also affirmed the district court's order requiring counsel to file evidence of his current financial condition and an order allowing discovery on counsel's

any matter . . . that is relevant to the claim or defense of any party" or discovery of any information that "appears reasonably calculated to lead to the discovery of admissible evidence." S*ee* Fed.R.Civ.P. 26(b)(1). *See also Williams v. Board of County Commissioners*, 192 F.R.D. 698, 702 (D. Kan. 2000) (request for discovery should be considered relevant if there is any possibility the information sought may be relevant to a claim or defense). In view of the Tenth Circuit's decision in *Hamilton,* which held that ability to pay is not an appropriate factor for the court to consider in awarding § 1927 sanctions, I fail to see the relevance of the Durango Defendants' requested discovery. Since the Durango Defendants have no right to discover information that is irrelevant under Rule 26(b)(1), I will grant Mr. Mulhern's motion for protective order. Of course, the court will apply the same standard of relevance in evaluating the arguments presented in Mr. Mulhern's Supplemental Response and in making my report and recommendation to the district court.

---

financial condition); *Hornbuckle v. Arco Oil and Gas Co.*, 770 F.2d 1321 (5th Cir. 1985) (in making express findings regarding the plaintiff's ability to pay a sanction, the trial court considered discovery requests and responses specifically directed to plaintiff's ability to pay); *United States v. Vuyyuru*, 2007 WL 241087 (E.D. Va. 2007) (the court ordered the plaintiff to provide specific financial information detailing his purported inability to pay attorney's fees and then granted a motion for discovery on plaintiff's financial condition); *Watson v. City of Salem*, 934 F. Supp. 666 (D.N.J. 1996) (noting that plaintiff counsel failed to comply with the court's repeated requests for financial documentation necessary to support her contention that she was unable to pay the full amount of Rule 11 sanctions).

Accordingly, for the foregoing reasons, Mr. Mulhern's Motion for Protective Orders as to the Discovery General Asset Information (doc. # 254) is GRANTED.

Dated this 14th day of August, 2008

BY THE COURT:

*s/Craig B. Shaffer*
Craig B. Shaffer
United States Magistrate Judge