IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
LEWIS T. BABCOCK, JUDGE

Civil Case No. 02-cv-01116-LTB-CBS

STEPHEN C. ROTH; and
JEAN E. GUMESON,

                Plaintiffs,

v.

MICHAEL F. GREEN, as an individual and in his official capacity;
DENNIS SPRUELL, as an individual and in his official capacity;
MATT BUFFINGTON, as an individual and in his official capacity;
BROOKS BENNETT, as an individual and in his official capacity;
HUGH RICHARDS, as an individual and in his official capacity;
DANNY DUFUR, as an individual and in his official capacity;
JEFF COLEMAN, as an individual and in his official capacity;
TIM ROWELL, as an individual and in his official capacity;
TOM HALPER, as an individual and in his official capacity;
MIKE MEUER, a/k/a MIKE MEUEER, as an individual and in his official capacity;
KEN BRACKETT, as an individual and in his official capacity;
SAM HAGER, as an individual and in his official capacity;
ROY C. LANE, as an individual and in his official capacity;
JERRY MARTIN, as an individual and in his official capacity;
JOEY M. CHAVEZ, as an individual and in his official capacity;
AL BELL, as an individual and in his official capacity;
SYDNEY "DUKE" SCHIRARD, as an individual and in his official capacity;
DALE WOOD, as an individual and in his official capacity;
CITY OF CORTEZ, a public corporation;
CITY OF DURANGO, a public corporation;
DOLORES COUNTY BOARD OF COUNTY COMMISSIONERS, a public corporation;
LA PLATA COUNTY BOARD OF COUNTY COMMISSIONERS, a public corporation;
MONTEZUMA COUNTY BOARD OF COUNTY COMMISSIONERS, a public corporation; and JOHN DOES 1-50,

                Defendants.

_____

ORDER ON REMAND
_____

This matter is before me following a remand from the Tenth Circuit Court of Appeals after it ruled on the appeal of Robert J. Mulhern, attorney for the Plaintiffs, related to the sanctions he has been ordered to pay to: the "Cortez Defendants" (the City of Cortez, Dennis Spruell, Danny Dufur and Roy C. Lane); the "Durango Defendants" (the City of Durango, Al Bell and Jeff Copeland); and the "Buffington Defendants" (Matt Buffington, Tim Rowell, Tom Halper, Mike Meuer, Sheriff Sydney Schirard, Sheriff Jerry Martin, and the Boards of County Commissioners for the Counties of Dolores and La Plata). Pursuant to the directions of the Tenth Circuit in its Order and Judgment dated July 22, 2010, I recalculate the award of attorney fees and costs assessed again Mr. Mulhern, under 28 U.S.C. § 1927 and § 1920, as follows.

## I. BACKGROUND

In June of 2002, Robert J. Mulhern, Esq., filed a civil rights complaint under 42 U.S.C. § 1983 on behalf of his clients, Plaintiffs Stephen Roth and Jean Gumeson, alleging that Defendants created, established, and executed an unconstitutional "ruse" drug checkpoint that ultimately resulted in Plaintiffs being unlawfully stopped, detained, searched, and arrested. I granted Defendants' motions to dismiss and/or for summary judgment and, as such, dismissed the action in December 2003. Plaintiff appealed, and my decision was subsequently affirmed.

In the meantime, the Cortez, Durango, and Buffington Defendants, among others, moved for sanctions against Mr. Mulhern pursuant to Fed. R. Civ. P. 11 and 28 U.S.C. § 1927. I granted the motions, and Mr. Mulhern appealed. On appeal, the Tenth Circuit ruled that "the district court did not abuse its discretion in concluding that Mulhern violated the provisions of both Rule 11 and [28 U.S.C. ] § 1927 in filing and pursuing the § 1983 claims" on behalf of Plaintiffs. *Roth v. Green*, 466 F.3d 1179, 1189-90 (10th Cir. 2006). However, the Tenth Circuit

further determined that because Defendants had failed to follow the procedures outlined in Fed. R. Civ. P. 11, I abused my discretion in awarding sanctions under that rule. Thus, the Tenth Circuit reversed and remanded for this court "to determine the proper amount of fees and costs to be assessed under [28 U.S.C.] § 1927 (i.e., 'the excess costs . . . and attorneys' fees reasonably incurred because of' his unreasonable and vexatious conduct)." *Id.* at 1193.

On remand, the magistrate judge held an evidentiary hearing and issued a report recommending that I assess the following attorneys fees and costs against Mr. Mulhern:

(1) For the Cortez Defendants: attorney fees of $6,202.80 and costs of $346.93 incurred after February 3, 2003;

(2) For the Buffington Defendants: attorney fees of $12,402.45 and costs of $1,624.76 incurred after September 10, 2002; and

(3) For the Durango Defendants: attorney fees of $6,505.65 and costs of $1,647.34 incurred after February 3, 2003.

After considering Mr. Mulhern's objections, I adopted the magistrate's recommendation and entered an order granting the motions for sanctions in the amounts determined by the magistrate judge. Mr. Mulhern again appealed. In *Roth v. Spruell,* 2010 WL 2881532, 2 (10th Cir. July 22, 2010)(not selected for publication), the Tenth Circuit ruled that as to the Cortez Defendants, I erred in including attorney fees that were "incurred *on* February 3, 2003, as opposed to starting the calculation after that date" and in "including amounts incurred after [December 5, 2003] in its award of fees and costs." In addition, the Tenth Circuit ruled that I erred in awarding non-reimbursable expenses – such as costs for legal research, telephone calls, facsimiles, postage, delivery service, and parking – because these expenses are not designated as reimbursable costs under 28 U.S.C. § 1920. As a result, the Tenth Circuit determined that:

3

"[b]ased on our preliminary calculations, the new assessment should reflect reductions of $122.00 for fees incurred on February 3, $2,168.00 for fees incurred after December 5, $10.92 for non-reimbursable costs, and $93.46 for costs incurred after December 5." *Id.* at fn. 5.

As to the Buffington Defendants, the Tenth Circuit ruled that I likewise erred in awarding fees and costs incurred after December 5, 2003, and in awarding expenses that were not reimbursable as costs under 28 U.S.C. § 1920. As a result, the Tenth Circuit determined that: "[b]ased on our preliminary calculations, the new assessment should reflect reductions of $1,020.00 for fees incurred after December 5, $1,136.89 for non-reimbursable costs, and $175.02 for costs incurred after December 5." *Id.* at fn. 6.

Finally, as to the Durango Defendants, because the award was based solely on an affidavit that summarily stated the amount of fees incurred – as opposed to detailed contemporaneous time sheets – the Tenth Circuit concluded that I abused my discretion in awarding fees and costs without reviewing detailed time sheets. Thus, the Tenth Circuit ruled that "the district court will first need to reconsider and expressly rule on Mr. Mulhern's argument made in his objections to the magistrate judge's report and recommendation that the Durango Defendants waived their right to attorneys' fees and costs by failing to submit detailed time sheets in support of their motion for sanctions." And, "[i]f that issue is resolved in favor of the Durango Defendants, then they will need to submit detailed time sheets in order for the district court to recalculate the amount of fees and costs incurred from February 4, 2003 through December 5, 2003, with costs being limited to the items listed in [28 U.S.C.] § 1920." *Id.* at pg. 8.

## II. ANALYSIS

A. Cortez Defendants

Upon remand, I entered an Order to Show Cause in which I ordered the parties to respond to the Order and Judgment of the Tenth Circuit. In response, the Cortez Defendants indicate that they do not dispute the preliminary calculations set forth by the Tenth Circuit. As such, they seek a judgment against Mr. Mulhern in the amount of $4,155.35 ($3912.80 in attorney fees and $242.55 in allowable costs). Mr. Mulhern, in his response, concedes at least that amount and, therefore, I conclude that judgment should enter in favor of the Cortez Defendants in the requested amount of $4,155.35.

B. Buffington Defendants

The Buffington Defendants likewise do not dispute the preliminary calculations set forth in the Tenth Circuit's decision. Thus, they seek judgment in their favor against Mr. Mulhern in the amount of $11,695.30 ($11,382.45 in attorney fees and $312.85 in costs). Mr. Mulhern disputes this amount in his response. He argues that the fees and costs awarded should be no more than $6,700.32. Specifically, he maintains that the original award of $14,019.71 should be discounted by $7,319.39 on the basis that: 1) the Buffington Defendants did not initially seek $4,576.41 in fees and costs and, thus, they are barred from later seeking those amounts; and 2) the fees and costs should also be deducted by $2,742.98, which represents the amount improperly included in the award as incurred on September 10, 2002 and after December 5, 2003.

I first address Mr. Mulhern's assertion that the Buffington Defendants are barred from seeking $4,576.41 in fees because they did not initially include this amount in their request for

5

sanctions. I dismissed this case on December 5, 2003, and then found that Mr. Mulhern was subject to sanctions on June 15, 2004. In so doing, I ordered that Mr. Mulhern pay fees and costs, as initially requested by the Buffington Defendants, in the amount of $17,509.54. This order was reversed by the Tenth Circuit, and remanded for further proceedings. On remand, the Buffington Defendants sought $22,085.91 in fees and costs – $4,576.41 more than it initially requested in 2004. Mr. Mulhern asserts that the Buffington Defendants are now barred from seeking these increased fees and costs and, as such, attempts to subtract $4,576.41 from the preliminary calculations set forth in the Tenth Circuit decision.

My review of the initial request reveals that it was dated December 29, 2003 and did not include any costs or fees incurred after that date. In contrast, the after-remand request, dated March of 2007, included fees incurred through February of 2004. In addition, the Buffington Defendants briefing at that time indicated that the reason for the increased fees was that they now had a more complete and detailed accounting of the fees and costs incurred – for example, the revised figures included fees incurred, but not yet in their counsel's billing system. Nonetheless, Mr. Mulhern's argument was not addressed by the Tenth Circuit in its ruling on the remand at issue here. Rather, the Tenth Circuit ruling constitutes an affirmance of my award to the Buffington Defendants, pursuant to 28 U.S.C. § 1927, with a limited remand to recalculate that award by 1) subtracting any fees and costs after December 5, 2003 and 2) subtracting any expenses that were not reimbursable as costs under 28 U.S.C. § 1920. I therefore decline Mr. Mulhern's request to subtract $4,576.41 from amount awarded.

However, Mr. Mulhern also takes issue with the preliminary calculations set forth in the Tenth Circuit decision as inaccurate. He argues that the discount or reduction of attorneys fees

for fees incurred before September 10, 2002, and after December 5, 2003, total $2,742.98, as opposed to the $1,020.00 deduction preliminary calculated by the Tenth Circuit.

In light of the disagreement regarding the proper amount of attorney fees and costs, I have re-reviewed the billing records submitted by the Burlington Defendants and recalculated the attorney fees incurred, as well as the costs allowed under 28 U.S.C. § 1920, commencing on September 11, 2002 through and including December 4, 2003. The attorney fees incurred total $12,653.50 [9/11/02 - 9/30/02=$1,578.50; 10/02=$2,153.75; 11/02=$286.50; 12/02=$197.75; 1/03=$961.75; 2/03=$1,338.00; 3/03=$3,035.50; 4/03=$2,570.25; 5/03=$45.00; 6/03=0; 7/03=$39.00; 8/03=0; 9/03=$421.50; 10/03=$26.00; 11/03=0; 12/1/03-12/4/03=0]. I will discount this amount by 10%, to $11,388.15, pursuant to the determination at the time sanctions were awarded that the attorney fees claimed "should be reduced by ten percent to reflect time entries that are not sufficiently informative or work that cannot be reasonably attributed to Mr. Mulhern's violation of [28 U.S.C.] § 1927."

I likewise recalculated the costs – as allowed by 28 U.S.C. § 1920 – incurred by the Buffington Defendants for the time period of September 11, 2002 through and including December 4, 2003. Thus, I did not include expenses for legal research, delivery services, or postage and, as a result, the only allowable costs incurred were for copies, see 28 U.S.C. § 1920(c), and totaled $492.75 [9/11/02 - 9/30/02=$203.55; 10/02=$54.00; 11/02=$3.00; 12/02=$20.25; 1/03=$20.70; 2/03=$28.95; 3/03=0; 4/03=$36.60; 5/03=$97.95; 6/03=0; 7/03=$19.80; 8/03=0; 9/03=0; 10/03=$7.95; 11/03=0; 12/1/03-12/4/03=0].

Accordingly, I conclude that judgment should enter in favor of the Buffington Defendants in the total amount of $11,880.90 ($11,388.15 in allowable attorney fees, plus

$492.75 in allowable costs). However, because the Buffington Defendants seek only the lesser amount of $11,695.30, as preliminarily calculated by the Tenth Circuit, I conclude that judgment should enter in favor of the Buffington Defendants in the requested amount of $11,695.30

C. Durango Defendants

As to the Durango Defendants, the Tenth Circuit reversed the award of attorney fees and costs on the grounds that it was improperly based on an affidavit that summarily stated the amount of fees incurred. On remand the Tenth Circuit directed that as an initial matter I must first "reconsider and expressly rule on Mr. Mulhern's argument . . . that the Durango Defendants waived their right to attorneys' fees and costs by failing to submit detailed time sheets in support of their motion for sanctions."

The Durango Defendants assert that their failure to file detailed time sheets at the time they requested sanctions against Mr. Mulhern did not constitute a waiver of their right to fees and costs. The Durango Defendants concede that in support of their request for sanctions, they provided the court with signed affidavits from their attorneys indicating only a summary amount of attorney fees and costs claimed. They argue, however, that their filing of the summary affidavits was not an intentional abandonment of a known right, rather their pursuits in seeking fees and costs against Mr. Mulhern consisted of affirmative acts that are inconsistent with a waiver. The Durango Defendants cite to Colorado law which requires clear evidence of the intent to waive a right. *See Dep't. of Health v. Donahue,* 690 P. 2d 243, 247 (Colo. 1984) (defining waiver as "the intentional relinquishment of a known right or privilege").

In support of his argument that the failure to file billing records or detailed time sheets constituted an intentional waiver, Mr. Mulhurn relies upon *Five Star Mfg. Inc. v. Ramp Lite Mfg.*

*Inc.*, 196 F.Supp.2d 1170, 1173 (D. Kan. 2002). In that case a district court in Kansas denied the defendant's request for an award of attorney fees – under either the Lanham Act or as sanctions under Fed. R. Civ. P. 11 or 28 U.S.C. § 1927 – and then ruled that "[e]ven if the court should find . . . . attorney fees should be allowed, [the d]efendant has not submitted sufficient data upon which the court could base an award." *Id.* The defendant's request was supported only by the declarations of his attorneys for the time billed, "accompanied by tables which show only the dates of billing by the law firms, the invoice numbers, the fees, the expenses, and the total; there is a complete lack of any information relating to the work done, who did it, the tasks performed, or the time spent in performance of the tasks." *Id.* at 1174.

I agree with the Durango Defendants, however, that the ruling in *Five Star Mfg. v. Ramp Lite Mfg., supra,* does not support Mr. Mulhern's proposition that the failure to provide the court with detailed billing records, in support of their request for attorney fees, constituted a waiver of that right. Rather, the case only indicated – perhaps in *dicta* – that the party seeking attorney fees must submit sufficient data upon which the court could base such an award, and that summary affidavits are insufficient. *Id.* This ruling – which is based on a sufficiency of the evidence theory – is consistent with Tenth Circuit case law which provides that a when calculating an award of attorney fees, "[c]ounsel for the party claiming the fees has the burden of proving hours to the district court by submitting meticulous, contemporaneous time records that reveal, for each lawyer for whom fees are sought, all hours for which compensation is requested and how those hours were allotted to specific tasks." *Case v. Unified School Dist. No. 233, Johnson County,* 157 F.3d 1243, 1250 (10th Cir. 1998); *see also Infant Swimming Research, Inc. v. Faegre & Benson, LLP* , 2009 WL 3246138, 2 (D.Colo. 2009)(not published); D.C. COLO.

9

LCivR 54.3B (a motion seeking attorney fees "shall include the following for each person for whom fees are claimed . . . a detailed description of the services rendered, the amount of time spent, the hourly rate, and the total amount claimed"). While the Durango Defendants' initial request for sanctions was not supported with sufficient evidence – in that the failed to submit, at the time of their motion seeking sanctions, sufficient "meticulous, contemporaneous time records," *Case v. Unified School Dist., supra,* 157 F.3d at 1250 – Mr. Mulhern has not provided me, nor has my research revealed, any legal authority to support a theory of waiver under these circumstances. Rather, in light of the remand for the specific purpose of recalculating the correct amount of attorneys fees mandated by 238 U.S.C. § 1927, as well as the awardable costs under 28 U.S.C. § 1290, I reject Mr. Mulhern's argument that the Durango Defendants "waived" their right to attorney fees and costs.

The Durango Defendants' failure to provide this court with the actual billing records until now does not foreclose the award of attorney fees and costs against Mr. Mulhern. The matter of recalculating fees has been re-opened on remand via the Tenth Circuit's mandate that "[i]f that issue [of waiver] is resolved in favor of the Durango Defendants, then they will need to submit detailed time sheets in order for the district court to recalculate the amount of fees and costs incurred from February 4, 2003 through December 5, 2003, with costs being limited to the items listed in [28 U.S.C.] § 1920." *Id.* In response to my order to show cause, the Durango Defendants provided an affidavit signed by their counsel, indicating that his firm "rendered legal services from February 4, 2003 through December 5, 2003, in the total amount of $6,124.50" and because the initial fee ruling reduced all the fees charged to the Durango Defendants by 10%, they request fees in the amount of $5,512.05 – which represents a 10% reduction of

$612.45. In addition, the Durango Defendants aver that they "incurred costs in the amount of $409.50, which is the total of costs allowed for under 28 U.S.C. § 1920." Therefore, they seek judgment in their favor against Mr. Mulhern in the total amount of $5,921.55 ($5,512.05 in attorney fees and $409.50 in costs). My detailed review of the affidavit and the supporting billing records provided reveals attorney fees charged to the Durango Defendants from February 4, 2003 through September 29, 2003 (after which there appears to be no more fees incurred or billed) in the amount of $6,124.50. The amount of attorney fees requested by Durango Defendants, of $5,512.05, properly reflects a discount of 10% to account for time entries that are not sufficiently informative or work that cannot be reasonably attributed to Mr. Mulhern's violation of 28 U.S.C. § 1927. In so doing, I decline to address Mr. Mulhern's argument that the 10% discount should be based on any prior award of attorney fees.

In addition, the billing records submitted reveal that the costs requested by the Durango Defendants were for internal copies, as an acceptable cost under 28 U.S.C. § 1920(c), in the total amount of $409.50. However, it appears that such copies were routinely billed at the end of each month, and the records do not indicate what specific dates the costs were incurred. As a result, I will discount the cost of internal copies for the month of February 2003 (in the amount of $57.60) and for the month of September 2003 (in the amount of $4.05), and I will award costs to the Durango Defendants in the amount of $347.85.

Finally, I reject Mr. Mulhern's unsupported challenges to the sufficiency or authenticity of the billing records. My review reveals that the billing records submitted sufficiently show the work performed, and the time spent, as well as the amount charged and the costs for copies as allowed by 28 U.S.C. § 1920(c). The fees and costs requested are clearly within the perimeters

11

of the date range as mandated by the Tenth Circuit, with the exception of some monthly copy costs as noted above. Counsel for the Durango Defendants has averred that the billing records are complete time entries, and were made contemporaneously at the time indicated. There is no evidence to support Mr. Mulhern's suggestion that they are untrustworthy or inaccurate. To the extent Mr. Mulhern argues that the billing records are somehow unreliable because they are "partial" – in that they only reflect the fees and costs incurred during the time period at issue – I disagree.

Accordingly, I conclude that judgment should enter in favor of the Durango Defendants in the total amount of $5,859.90 ($5,512.05, in allowable attorney fees, plus $347.85 in allowable costs).

### III. CONCLUSION

In conclusion, I address and reject Mr. Mulhern's argument that interest should only begin to accrue as of the date of this order. The law of the Tenth Circuit is that when "an initial quantified judgment is later decreased, interest runs from the date of the earlier quantified judgment but only on the amount ultimately allowed." *Stewart v. Donges*, 20 F.3d 380, 382 (10th Cir. 1994)(*quoting Wheeler v. John Deere Co.*, 986 F.2d 413, 416 (10th Cir. 1993)). In cases of reversal, "the extent to which a judgment is invalidated on appeal determines whether the first judgment or the remand judgment triggers the accrual of post-judgment interest." *Id.* (*quoting Wheeler v. John Deere Co.*, 935 F.2d 1090, 1097 (10th Cir.1991)).

In this case, my first quantified monetary judgment on my ruling that Mr. Mulhern would be subject to sanctions was dated June 14, 2004 and, as such, the Defendants seek interest as of that date. This ruling, however, was reversed when the Tenth Circuit determined that although I

did not abuse my discretion in awarding fees, I erred in awarding sanctions under Fed. R. Civ. P. 11 and thus reversed and remanded "to determine the proper amount of fees and costs to be assessed under [28 U.S.C.] § 1927." *Roth v. Green*, *supra*, 466 F.3d at 1193. (10th Cir. 2006).

I did as directed by the Tenth Circuit and, as such, entered an order awarding the Defendants here the excess costs and attorneys fees reasonably incurred because of Mr. Mulhern's unreasonable and vexatious conduct, pursuant to 28 U.S.C. § 1927, by adopting the recommendations of the magistrate judge, on September 29, 2009. Although this determination was again appealed, the Tenth Circuit reversal was for recalculation of the amounts awarded. As such, I conclude that post-judgment interest should be assessed on the amounts awarded in this order – as the amounts ultimately allowed – as of September 29, 2009, as the "initial quantified judgment." *Stewart v. Donges*, *supra*, 20 F.3d at 382.

Accordingly, IT IS ORDERED as follows:

1) The "Cortez Defendants" (the City of Cortez, Dennis Spruell, Danny Dufur and Roy C. Lane) are AWARDED the amount of $4,155.35 in attorney fees and allowable costs against Robert J. Mulhern, attorney for the Plaintiffs in this matter, pursuant to 28 U.S.C. § 1927 and § 1920;

2) The "Buffington Defendants" (Matt Buffington, Tim Rowell, Tom Halper, Mike Meuer, Sheriff Sydney Schirard, Sheriff Jerry Martin, and the Boards of County Commissioners for the Counties of Dolores and La Plata) are AWARDED the amount $11,695.30 in attorney fees and allowable costs, against Robert J. Mulhern, pursuant to 28 U.S.C. § 1927 and § 1920; and

3) The "Durango Defendants" (the City of Durango, Al Bell and Jeff Copeland) are AWARDED the amount of $5,859.90 in attorney fees and allowable costs, against Robert J. Mulhern, pursuant to 28 U.S.C. § 1927 and § 1920.

IT IS FURTHER ORDERED that Mr. Mulhern pay post-judgment interest on the foregoing amounts as of September 29, 2009.

Dated: October   27  , 2010 in Denver, Colorado.

             BY THE COURT:

               s/Lewis T. Babcock
             LEWIS T. BABCOCK, JUDGE